UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CECILIA N. KING,

    Plaintiff,

v.                                     CASE NO. 8:16-cv-2526-T-23MAP

JENNIFER BENCIE,

    Defendant.
_____/

**ORDER**

Employed by the Florida Department of Health as the "health officer" for Manatee County, defendant Jennifer Bencie attempted to recruit plaintiff Cecilia King to develop a plan for providing health care to indigent people in Manatee County, but the attempted recruitment failed. Appearing *pro se*, King sues (Doc. 2) Bencie for fraud, and Bencie moves (Doc. 24) for summary judgment.

**DISCUSSION**

Success on a fraud claim requires proof that the defendant knowingly uttered a false statement about a material fact or knowingly failed to disclose a material fact, that the defendant intended the plaintiff's reliance on the statement or omission, that the plaintiff reasonably relied on the statement or omission, and that the plaintiff suffered consequent harm. *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984).

During a May 7, 2013 call, Bencie offered King $100,000 to develop the indigent-care plan. King alleges and Bencie admits that Bencie claimed the ability to "make it happen tomorrow under OPS." (Doc. 2 at ¶ 8) King insists that the mention of "OPS" amounted to an offer of a contract (e.g., King Depo. at 40–42), but Bencie responds that she offered King employment. King considers the distinction between a contract and employment important because a contract allegedly permits King to earn income elsewhere. Although clutter pervades the record,[1] King admits that the offer to "make this happen tomorrow under OPS" is the "basis of [this] litigation." (King Depo. at 54)

Section 110.131, Florida Statutes, which authorizes an agency to "employ any qualified individual in other-personal-services employment," supports Bencie's argument. The statute mentions nothing about contracting, and no record evidence substantiates King's claim that Bencie offered a contract rather than employment.[2]

The unrebutted affidavits of Eddie Rodriguez and Bencie evidence the truth of Bencie's statement that she could hire King "tomorrow" as an "OPS" employee with

---

[1] In an interview with the Department of Health's Office of the Inspector General, Bencie confusingly states that she instructed a human-resources employee to enroll King as the "supervisor" of a community-health program (a position that included responsibilities other than developing the indigent-care plan) at a salary of $50,000. Bencie repeatedly states that Manatee County would provide the other $50,000 but cannot explain how King could maintain a full-time job with both the state and the county. In any event, after King rejected the "supervisor" job, Bencie attempted to finalize the $100,000 "OPS" employment, but King refused the employment. For several weeks, Bencie attempted to accommodate King's request for a $100,000 contract, but the pertinent authority prohibits the Department of Health's agreeing to a $100,000 contract absent a public request for proposal and competitive bidding.

[2] The argument in King's unsworn response (Doc. 32) in opposition to summary judgment is not evidence.

- 2 -

a $100,000 salary. Rodriguez, who manages the budget for the Department of Health's office in Manatee County, affirms (Doc. 24-3) that the department's budget permitted paying an "OPS" employee $100,000. And Bencie affirms (Doc. 24-2) "possess[ing] the delegated authority to recruit and hire" an "OPS" employee. Rather than show Bencie's alleged fraud, the evidence consistently shows that King refused any "employment" with Manatee County or the Department of Health's office in Manatee County. (E.g., King Depo. at 46, at which King states that "I would never be anything with Dr. Bencie other than a consultant") Also, no evidence shows or suggests a "knowing" falsehood or omission by Bencie.

Additionally, even if Bencie promised and King accepted a $100,000 contract, the failure to perform is perforce a breach of contract, not a fraud. Because King shows no evidence that reveals a tort "independent from" a purported breach of contract,[3] Florida's economic-loss rule prohibits the fraud claim.[4] *See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996).

## CONCLUSION

Viewed favorably to King, the record reveals no genuine dispute of material fact. Because the evidence fails to show a knowingly false statement or omission and because the economic-loss rule precludes the fraud claim in this circumstance, the

---

[3] King elected not to include a claim for breach of contract in the complaint (Doc. 2) or the proposed amended complaint (Doc. 20-1).

[4] Although King's response omits the phrase "economic-loss rule," the response addresses this issue. (Doc. 32 at 15)

motion (Doc. 24) for summary judgment is **GRANTED**. The clerk is directed (1) to enter judgment for Jennifer Bencie and against Cecilia N. King, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on October 2, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE